**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5084**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JEROME R. HAMILTON,

             Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-01094-PMD-1)

Submitted:  May 26, 2011                    Decided:  May 31, 2011

Before KING, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina; Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome R. Hamilton pled guilty to three counts of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 2006 & Supp. 2010). The district court sentenced him to 200 months on each of the convictions, to be served concurrently. Hamilton appeals, contending that the district court erred in applying the sentencing enhancement for possession of a deadly weapon in connection with a drug trafficking crime and that his sentence is unreasonable. Finding no reversible error, we affirm.

We have reviewed Hamilton's sentence and determined that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Specifically, the district court did not err in applying the sentencing enhancement for possession of a dangerous weapon.[*] See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (considering proximity of gun to drugs); U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) cmt. n.3 (2009) (applying the dangerous weapon enhancement "unless it is clearly improbable that the weapon was connected with the offense").

---

[*] As conceded by the parties, in light of Hamilton's career offender status, this enhancement had no effect on the applicable Guidelines range.

The district court followed the necessary procedural steps in sentencing Hamilton, appropriately treated the sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors as related to Hamilton's individual circumstances. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (holding that district court is not required to "robotically tick through § 3553(a)'s every subsection").

We have also determined that Hamilton's sentence is substantively reasonable. Although Hamilton requested that his sentence not be enhanced under the Career Offender provisions, the district court reviewed Hamilton's criminal history and properly sentenced him as a career offender, noting his extensive prior criminal conduct. The court also determined that prison was the appropriate place for Hamilton to serve his term of imprisonment and therefore rejected Hamilton's request for a sentence in which he would serve part of the term in prison and part of his sentence in community confinement. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying

3

appellate presumption of reasonableness to within Guidelines sentence).

Accordingly, we affirm Hamilton's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4